## Case No. 4,456.

### The EMILY B. SOUDER.

[S Blatchf. 337.] [1]

Circuit Court, E. D. New York. April 24, 1871. [2]

Cornelius Van Santvoord, for libellants.
Charles Donohue, for claimant.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 17 Wall. (84 U. S.) 666.]

WOODRUFF, Circuit Judge. I am satisfied, upon an examination of the evidence, that the views expressed by me in the case of The Acme [Case No. 28], on the question of the lien claimed for advances upon the vessel in a foreign port, where neither captain nor owners were known, or had any credit, are entirely apt to the present case; and, if I were to state any difference, I should say that the claim of the libellants, Pakenham Beatty & Co., to a lien, is here less doubtful, for, in the case of The Acme, the beneficial owners of the vessel applied directly and by letter to the libellants, requesting the advance. The effect of taking bills of exchange drawn on the owners was also considered in that case.

It is true, that the testimony of the captain of the steamer is in some hostility to the libellants' claim to a lien; but, in view of the well settled and oft recognized presumption, that the credit was given to the vessel under such circumstances as are here disclosed, it is in no wise material that there should be an express pledge of the vessel, or that the terms of the advance should in very words declare that the claimant shall have a lien. When the actual advance is made on the credit of the vessel, that is enough. Here, not only such presumption exists, but, in my judgment, any other assumption is greatly improbable. The inferences of the captain are not, I presume, the result of any intended untruth, but they are drawn from the fact that nothing was said, during the negotiation for advances, suggesting, in terms, that the libellants were to have a lien upon the vessel. However this may be, I think, upon the whole testimony, the conclusion is irresistible, that the advances were not made upon the sole credit of the captain or owners.

As to the right to recover gold, so long as the decisions of the supreme court are not overruled nor modified, I must hold, that an express contract to pay in gold will be respected by the courts, and be enforced, or its breach be redressed, according to its tenor. True, this contract was made since the act of congress declaring the currency issued by the government a legal tender. But the principles of the cases decided allow parties to discriminate between the two kinds of currency, and give effect to their agreement. It is also true, that this action is not founded upon the bills of exchange and the stipulation therein for payment in gold. But, the whole transaction shows that the advance was, in fact, made to be repaid in gold, and the contents of the bills of exchange are cumulative and conclusive evidence of the fact.

The libellants must have a decree for the amount of debt and costs awarded them in the district court [Case No. 4,454], with costs of this appeal.